UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STEVEN ALEXANDER BOLDEN,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

Case No. C19-1289 RSM

ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255

## I. INTRODUCTION

Before the Court is Petitioner's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence. Dkt. #1. Petitioner Steven Alexander Bolden challenges the 120-month sentence imposed on him by this Court following his guilty plea for filing a false tax return, wire fraud, and aggravated identity theft. *Id.* at 2; Case No. 2:13-cr-201-RSM, Dkt. #55. Petitioner challenges his sentence on three grounds: 1) Misconduct by a pretrial services officer in "relinquishing federal custody" to local authorities in California to pursue separate state charges, 2) a due process violation occurring at the state court in Los Angeles County, and 3) an equal protection violation by this Court in sentencing by failing to give Petitioner full credit for time he was in the custody of state court in California. Dkt. #1. The Government responds that Mr. Bolden's claims are either procedurally barred or otherwise without legal merit. Dkt.

ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 - 1

#10. After full consideration of the record, and for the reasons set forth below, the Court DENIES Mr. Bolden's § 2255 Motion.

## II. BACKGROUND

The Court generally agrees with the relevant background facts as set forth by the Government and demonstrated by court records.

On May 31, 2013, the United States Attorney in the Western District of Washington charged Steven Alexander Bolden by Federal Criminal Complaint with defrauding the United States' "Computers for Learning Program." Case. No. 15-cr-201-RSM, Dkt. #1. Mr. Bolden was arrested in Los Angeles and released on bond by a Los Angeles Magistrate Judge. He then appeared in this Court on June 13, 2013, and was again released on bond, subject to standard conditions. He was indicted on June 26, 2013. Case. No. 15-cr-201-RSM, Dkt. #10. After one continuance of trial, Mr. Bolden pled guilty to his federal charges on January 3, 2014, admitting to three counts in a Superseding Information, including fraud, tax fraud, and aggravated identity theft. Case. No. 15-cr-201-RSM, Dkt. #33. Mr. Bolden was again released on bond after making his plea.

The Court later learned that while in California on bond in 2013, Mr. Bolden had committed state crimes and local authorities were planning to arrest him. *See* Case. No. 15-cr-201-RSM, Dkt. #39. Pretrial Services in Washington coordinated with its counterpart in Los Angeles to arrest Bolden. Bolden reported to Pretrial Services in Los Angeles on January 15, 2014, and was arrested by United States Marshals. Meanwhile, California authorities in Los Angeles simultaneously implemented their own plans to arrest Bolden and to charge him with new crimes. Records from the United States Marshals office show that Bolden was arrested and relinquished to local authorities. Dkt. #10-1 at 46. On January 17, 2014, Los Angeles

authorities filed a criminal complaint against Bolden. *Id*. at 59. The case register for Bolden's Los Angeles case shows that he continued the trial in his Los Angeles case multiple times. *See id*. at 76–112. Eventually Mr. Bolden pled guilty in California and was sentenced to seven years to run concurrently to any federal sentence. California later relinquished Bolden to federal authorities. Bureau of Prisons inmate records confirm that Bolden first arrived in their custody on October 31, 2014. *Id*. at 114.

Mr. Bolden was sentenced by this Court on February 5, 2015. Case. No. 15-cr-201-RSM, Dkt. #54. The Court imposed the following custodial time:

> …for Counts 1 and 6, a total of 96 months, and for Count 5, the aggravated identity theft, that is 24 months consecutive to Counts 1 and 6, for a total of 120 months. All of this is to run concurrent to L.A. County Superior Court Case No. YA089348. In terms of credit for time served, the Court will only grant credit from when he came into federal custody.

Dkt. #10-1 at 28. Judgment was entered on February 9, 2015. Case. No. 15-cr-201-RSM, Dkt. #55. Mr. Bolden did not file an appeal.

After his federal sentencing, Bolden returned to California to serve his California sentence. Apparently Mr. Bolden then petitioned to withdraw his California plea and the court permitted him to do so. *See* Dkt. #10-1 at 88. The California court reinstated the original charges and Mr. Bolden remained in pretrial custody in California for several years, repeatedly continuing his trial date. He ultimately pled no contest, but not until May of 2019, after he had been held in custody for nearly all of his original 7-year state sentence. *Id*. at 109. California then relinquished Bolden to BOP custody so he could complete his federal sentence. The Government states that Mr. Bolden is serving his time at Terminal Island FCI in California, and that he is scheduled for release on February 27, 2023. Dkt. #10 at 7.

ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 - 3

Mr. Bolden filed this instant petition on August 15, 2019. Dkt. #1. Mr. Bolden argues that U.S. Probation and the U.S. Marshals committed wrongdoing by participating in his arrest in California in January of 2014, that the California state court committed misconduct by failing to relinquish him to federal authority earlier, and that his credit for time served has been miscalculated because he was actually in federal custody when he was in state custody. *See id*. He requests in relief a re-sentencing to time served or for the Court to credit 13 months in time served. *Id*. at 10.

### III. DISCUSSION

**A. Legal Standard**

A motion under 28 U.S.C. § 2255 permits a federal prisoner in custody to collaterally challenge his sentence on the grounds that it was imposed in violation of the Constitution or laws of the United States, or that the Court lacked jurisdiction to impose the sentence or that the sentence exceeded the maximum authorized by law. A petitioner seeking relief under § 2255 must file his motion with the one-year statute of limitations set forth in § 2255(f). The limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

**B. Evidentiary Hearing**

The Court agrees with the Government that an evidentiary hearing is not required in this case because Mr. Bolden's allegations can be refuted from the record on procedural grounds. *See* Dkt. #10 at 9 (citing *Miller v. United States*, 339 F.2d 704 (9th Cir. 1964)).

**C. Timeliness of Motion**

A petitioner seeking relief under § 2255 must file his motion within the one-year statute of limitations set forth in § 2255(f). Given that the judgment was entered in Mr. Bolden's criminal case on February 9, 2015, Mr. Bolden is late by several years unless he is relying on § 2255(f)(4) to claim that the facts supporting his claims could not have been discovered through the exercise of due diligence prior to August 15, 2018. Concerning his first two grounds for relief, Mr. Bolden does not present any evidence that he could not have discovered the facts with due diligence any earlier and is essentially forced to claim that he did not understand he was in state rather than federal custody when he was held in California. The Court agrees with the Government that Mr. Bolden "cannot credibly claim he did not know he was in state custody, facing state charges, when he was in jail in California" because, among other reasons, he had his attorney try to quash the federal warrant at the time. *See* Dkt. #10 at 11. Even if Mr. Bolden was unaware of the status of his custody at the time, everything was made clear to him at least by the sentencing in 2015.

As for ground three, Mr. Bolden appears to allege in his reply brief that it was not until July 16, 2019, that he calculated his approximate release date with the help of BOP staff and that his credit for time served had not been, in his mind, appropriately calculated. *See* Dkt. #23 at 6–7. The Court finds that Mr. Bolden was fully aware of how this Court calculated credit for

time served at the sentencing where he was present, and that Mr. Bolden has not demonstrated due diligence in correcting any confusion on his part as to what the Court meant at sentencing.

The timeliness of this petition is thus properly measured from the date on which the judgment of conviction became final, well over four years ago. The Court finds this petition untimely. On this procedural ground alone, this petition is properly dismissed. Mr. Bolden's pending Motions seeking discovery are moot.

If Mr. Bolden believes his jail credits have not been calculated properly by BOP, the Government correctly notes that Mr. Bolden "should have filed a Motion under 28 U.S.C. § 2241, not 2255, and should have filed it in the District in which FCI Terminal Island is found— the Central District of California." Dkt. #10 at 9. A § 2241 petition "generally challenges the execution of a federal prisoner's sentence; for example, a claim that the prison did not properly compute the sentence." *Porter v. Adams*, 244 F.3d 1006, 1007 (9t Cir. 2001); *Jiminian v. Nash*, 245 F.3d 144, 146-47 (2d Cir. 2001). A 2241 petition must be brought in the district where the inmate is incarcerated. *Chambers v. United States*, 106 F.3d 472, 474-75 (2d Cir. 1997); *Bridges v. Vasquez*, 151 F.Supp.2d 1353 (N.D.Fla. 2001). Mr. Bolden does not address this issue in his Reply brief.

### D. Certificate of Appealability

A petitioner seeking post-conviction relief under § 2255 may appeal this Court's dismissal of his petition only after obtaining a Certificate of Appealability ("COA") from a district or circuit judge. The Court finds that a COA is not warranted in this case. A COA may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of [her] constitutional claims

or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003). The Court finds the law is clear and there is no basis to issue a COA.

## IV. CONCLUSION

Having considered Petitioner's motion, Respondent's answer thereto, and the remainder of the record, the Court hereby finds and ORDERS:

1. Petitioner's Motion under § 2255 (Dkt. #1) is DENIED. No COA shall be issued.
2. Petitioner's Motions for Evidentiary Hearing and Leave of Court to Conduct Discovery (Dkts. #21 and #22) are DENIED AS MOOT.
3. This matter is now CLOSED.
4. The Clerk of the Court is directed to forward a copy of this Order to Petitioner and all counsel of record.

DATED this 21st day of February 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE